Taylor, Chief-Justice.
 

 The rejection of the execution as evidence, proceeded on a misconstruction of vthe
 
 Jlctof
 
 1784,
 
 ch.
 
 223, which relates only to executions for costs 5 and supposing the last sentence of the
 
 eighth
 
 section to require an extended bill of costs to be annexed to all executions, yet it cannot be so construed as to make it illegal to tofo, to execute the writ without it. For, jf the execution be sufficient in other respects, the Sheriff is bound to obey it, so far as relates to the judgment exclusive of costs. On this count, therefore, there must-be a new trial.
 

 Hall, Judge.
 

 The reason assigned for not executing •the writ of execution is, that no copy of the bill of costs of the fees in which the execution issued, written at length and without any abbreviation, was annexed to the execution, as the
 
 act of
 
 1784,
 
 ch.
 
 223, see, 8, requires. This act was passed for the purpose of ascertaining the fees due to the clerks, sheriffs, and other officers j and that part of it, above recited, speaks altogether of the costs that may be due, and directs how they shall be made to appear, but is silent as to the execution in other respects 3 admitting the execution to be void as to the costs, it ought to have been executed in other respects, as if no costs had been due, or, as if the bill of costs had been annexed as the law requires. This seems to have been decided to be the construction of the act many years ago. — (2
 
 Hay.
 
 86.) I, therefore, think a new trial ought to be granted on the first count, for not obeying the writ of execution.
 

 And of this opinion was Judge Henderson.